FILED

DEC 28 2017

Clerk, U.S. District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| THE KORNER KLUB, INC., a Montana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GALLATIN CITY-COUNTY BOARD OF HEALTH and MATT KELLEY, as Health Officer for the Gallatin City-County Health Department<br><br>Defendants. | No. CV-17-36-BU-SEH<br><br>ORDER |

On June 21, 2017, Defendants filed a Notice of Removal in this Court.[1] An Amended Notice of Removal was filed on September 20, 2017.[2]

---

[1] Doc. 1.

[2] Doc. 24.

On November 1, 2017, Plaintiff filed an Amended Complaint,[3] asserting the following claims: 1) Count I, Appeal of the Gallatin City-County Health Officer's Refusal to Validate the Korner Klub's 2017 Retail Food Permit;[4] 2) Count II, Appeal of Gallatin City-County Board of Health's Decision to Not Overturn Health Officer's Refusal to Validate Retail Food Permit;[5] 3) Count III, Defendants Refusal to Validate the Retail Food Permit should be Stayed Pending a Final Decision by this Court;[6] and 4) Count IV, The Refusal by Defendant Kelley to Validate Plaintiff's Retail Food License is a Deprivation of Constitutional Rights.[7]

On November 11, 2017, Defendant Gallatin City-County Board of Health filed an Answer to Second Amended Complaint & Counterclaim,[8] asserting the following counterclaims: 1) Count I, Claim for Declaratory Relief;[9] 2) Count II, Claim for Permanent Injunctive Relief;[10] 3) Count III, Claim for Civil Penalty;[11]

---

[3] Doc. 38

[4] Doc. 38 at 14.

[5] Doc. 38 at 17.

[6] Doc. 38 at 17.

[7] Doc. 38 at 18.

[8] Doc. 41.

[9] Doc. 41 at 20-22.

[10] Doc. 41 at 22-23.

[11] Doc. 41 at 23.

and 4) Count IV, Claim for Costs & Expenses.[12]

On December 20, Plaintiff filed a Notice of Non Objection to Decline Supplemental Jurisdiction.[13] Defendants filed a Jurisdictional Brief,[14] opposing decline of supplemental jurisdiction.

## Discussion

### I. The Court has original jurisdiction over Plaintiff's Count IV.

28 U.S.C.A. § 1331 provides:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.[15]

Here, Count IV "incorporates the foregoing allegations as if set forth in full" and makes the claim that "[b]y refusing to validate its 2017 Retail Food Permit, Defendant Kelley has deprived Plaintiff of its constitutional property and due process rights, under the Fifth and Fourteenth Amendments of the United States Constitution . . . under color of state law, in violation of Title 42, United States Code, Section 1983, et seq."[16] The Court has original jurisdiction over Count IV.

---

[12] Doc. 41 at 24.

[13] Doc. 50.

[14] Doc. 51.

[15] 28 U.S.C. § 1331.

[16] Doc. 38 at 18.

## II. The Court declines to exercise supplemental jurisdiction over Plaintiffs' Counts I, II, and III and Defendants' Counts I, II, III, and IV.

28 U.S.C. § 1367 provides:

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . .
> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> > **(1)** the claim raises a novel or complex issue of State law,
> > **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > **(3)** the district court has dismissed all claims over which it has original jurisdiction,
> > **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[17]

In *City of Chicago v. International College of Surgeons*, the United States Supreme Court determined that a federal district court may exercise supplemental jurisdiction over state claims, even where "a case contain[s] claims that local administrative action violates federal law, but also contain[s] state law claims for on-the-record review of the administrative findings,"[18] Here, Plaintiffs' Counts I,

---

[17] 28 U.S.C. § 1367.

[18] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (emphasis in original)

II, and III, are so related to Count IV that they form part of the same case or controversy, within the meaning of 28 U.S.C. § 1367(a). Likewise, Defendants' Counterclaims, Counts I, II, III, and IV, form part of the same case or controversy as Plaintiff's Count IV.

However, in *City of Chicago*, the United States Supreme Court also stated that the applicability of supplemental jurisdiction to such claims "does not mean that the jurisdiction *must* be exercised in all cases," pointing to the principle that supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right," and the Court stated that declining supplemental jurisdiction under one of the factors in 28 U.S.C. § 1367(c) may be appropriate in such cases.[19]

In *Executive Software N. Am., Inc. v. United States Dist. Court*, the Ninth Circuit Court of Appeals established that, in order to properly decline supplemental jurisdiction over a claim, a district court must determine that one of the statutory justifications from 28 U.S.C. § 1367(c) applies.[20]

### A. Plaintiffs' Counts I, II, and III and Defendants' Counts I, II, III, and IV, substantially predominate over Plaintiff's Count IV in terms of the scope of the issues raised.

Under 28 U.S.C. § 1367(c)(2), discretion to exercise supplemental jurisdiction over a claim is proper where "the claim substantially predominates

---

[19] *United Mine Workers of America v. Gibbs*, 522 U.S. at 172-74.

[20] 24 F.3d 1545, 1556-57, 1560 (9th Cir. 1994).

over the claim or claims over which the district court has original jurisdiction."[21] A district court may decline supplemental jurisdiction over a state claim if state issues substantially predominate in terms of proof, scope of issues raised, or the comprehensiveness of the remedy sought.[22] The district court may decline jurisdiction where "a state claim constitutes the real body of the case, to which the federal claim is only an appendage."[23] A higher quantity of state law issues, by itself, does not justify declining supplemental jurisdiction.[24] Rather, "an analysis more sensitive to the relevant interests is required."[25] Here, Plaintiffs' Counts I, II, and III, along with Defendants' Counts I, II, III, and IV, substantially predominate over Plaintiff's Count IV.

Counts I, II, and III are authorized by the Montana Administrative Procedure Act ("MAPA"), which provides for judicial review of agency decisions, confined to the agency record, and provides for discretionary stays of agency decisions pending judicial review.[26] The MAPA also provides that petitions be

---

[21] 28 U.S.C. § 1367(c)(2).

[22] 383 U.S. 715, 726-27 (1966).

[23] *Gibbs*, 383 U.S. at 727.

[24] *Wang v. Chinese Daily News*, 623 F.3d 743, 762 (9th Cir. 2010); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995).

[25] *Borough of West Mifflin*, 45 F.3d at 789.

[26] Mont. Code Ann. § 2-4-702 and 704.

filed "in the district court for the county where the petitioner resides or has the petitioner's principal place of business or where the agency maintains its principal office."[27] MAPA defines "agency" as " any board, bureau, commission, department, authority, or officer of the state or local government."[28] The MAPA is solely concerned with the conduct of state and local agencies and requires that review occur in a district court in the county bearing the closest geographical relationship to the case. MAPA therefore implicates state and local interests.

Counts I, II, and III likewise require interpretation and application of statutes and regulations covering numerous state and local issues. For example, under Count I, Plaintiff claims that Korner Klub has an affirmative right to its 2017 Retail Food License based on interpretation of MCA § 50-50-204.[29]

Plaintiff also claims its wastewater system is valid under various state regulations and local health codes,[30] that these same statutes do not require connection to the local sewer district,[31] and that Defendant Matt Kelley failed to inspect Korner Klub, or provide findings or reasons, to the extent required by

---

[27] Mont. Code Ann. § 2-4-702(2)(a).

[28] Mont. Code Ann. § 2-4-102(2)(a); Mont. Code Ann. § 2-3-102(1).

[29] Doc. 38 at 14.

[30] Doc. 38 at 15.

[31] Doc. 38 at 15.

licensing statutes and regulations.[32] Counts II and III require the interpretation and application of many of the same statutes and regulations, all of which are designed to protect state and local interests.

Likewise, Defendants' Counterclaims, Counts I, II, III, and IV, require application and interpretation of statutes and regulations covering a variety of local and state issues that impact state and local interests. Counts I, II, and III and Defendants' Counts I, II, III, and IV form the "real body" of this lawsuit.

Count IV, in contrast, is a mere "appendage" to the MAPA claims. In that Count, Plaintiff concludes that a violation of the Fifth and Fourteenth Amendments occurred but makes no factual allegations specific to the claim, relying upon an incorporation of prior allegations as support.[33] The task is left to the Court to derive a constitutional violation from conclusions reached in interpreting and applying statutes and regulations referred to in prior allegations. Unlike *Borough of West Miffin*, in which a 42 U.S.C. § 1983 claim relied primarily upon interpretation federal civil rights law rather than state law, resolution here depends substantially upon interpretation of state and local licensing laws and health codes.[34] Counts I, II, and III, and the state and local interests which they

---

[32] Doc. 38 at 15-16.

[33] Doc. 38 at 18.

[34] *Borough of West Mifflin*, 45 F.3d at 789-90.

implicate, constitute the "real body of the case." Count IV is a mere "appendage."[35] The scope of the issues raised by the MAPA claims substantially predominate over the scope of the issues raised in the federal constitutional claim.

## B. Declining Supplemental Jurisdiction is guided by objectives of economy, convenience, fairness, and comity.

In *Executive Software N. Am., Inc.*, the Ninth Circuit stated that a district court's discretionary decline of supplemental jurisdiction should be guided by objectives of "economy, convenience, fairness, and comity."[36] The Court's decision is guided by those objectives in this case. The case is still at an early stage of proceedings. It is still economical, convenient, and fair to the litigants and the courts to remand those claims to state court. No preliminary pretrial conference has been set. No scheduling order has been issued. No formal period for discovery has begun, and no substantive motions are before the Court.

Comity also guides the Court's decision to avoid disruption of state administrative process.[37] The merits of all Plaintiffs' Counts depend on the interpretation and application of state and local statutes and regulations. Moreover, MAPA directs petitioners to seek judicial review of administrative

---

[35] *Gibbs*, 383 U.S. at 727.

[36] 24 F.3d at 1556-57, 1560.

[37] *See Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959) (citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

process in the county where the case arose, indicating a legislative preference for localized review of such inherently state and local issues.[38]

III. **The proper procedure is for this Court to sever and remand Plaintiffs' Counts I, II, and III, along with Defendants' Counts I, II, III, and IV, and to retain jurisdiction over Plaintiff's Count IV.**

28 U.S.C. § 1441(c) provides:

> (c) Joinder of Federal law claims and State law claims.--(1) If a civil action includes--
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> (2) Upon removal of an action described in paragraph (1), *the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.*[39]

If a district court declines to exercise supplemental jurisdiction over state law claims, the removal statute "does not support remand of federal claims, requiring instead severance and remand of claims that are not within the original or

---

[38] Mont. Code Ann. § 2-4-702(2)(a).

[39] 28 U.S.C. § 1441(c) (emphasis added).

supplemental jurisdiction of the district court."[40]

ORDERED:

1. Plaintiffs' Counts I, II, and III,[41] and Defendants' Counterclaims, Counts I, II, III, and IV,[42] are SEVERED from this action.

2. Plaintiffs' Counts I, II, and III,[43] and Defendants' Counterclaims, Counts I, II, III, and IV,[44] are REMANDED to the Montana Eighteenth Judicial District Court, Gallatin County.

3. Plaintiff's Motion to Stay[45] is DENIED as moot, without prejudice.

4. Plaintiffs' Count IV remains within the original jurisdiction of this Court.

DATED this 28th day of December, 2017.

SAM E. HADDDON
United States District Judge

---

[40] JAMES WM. MOORE ET AL., 16 MOORE'S FEDERAL PRACTICE § 106.63, at 106-82 (3d ed. 2017); *See Executive Software N. Am., Inc*, 24 F.3d at 1551-53; *See also Retail Prop. Trust v. United Bhd. of Carpenters*, 768 F.3d 938, 962 (9th Cir. 2014.).

[41] Doc. 38 at 14-18.

[42] Doc. 41 at 20-24.

[43] Doc. 38 at 14-18.

[44] Doc. 41 at 20-24.

[45] Doc. 9.